UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHA MOHAMUD,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No.: C08-1369 CRD

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Asha Mohamud appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, and after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for additional administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-six year old woman, forty years old at the alleged disability onset date. She has work experience as a janitor and home healthcare worker. Plaintiff applied for SSI in May 2003, alleging disability beginning in 2003. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing.

A *de novo* hearing before ALJ Tai and resulted in an adverse decision on December 27, 2006. Plaintiff appealed to the Appeals Council, who remanded the case with instructions to the

ALJ. Administrative Record ("AR") at 473-74. A different ALJ, ALJ Adams, held a hearing on October 22, 2007 and issued a second adverse decision. Plaintiff requested review by the Appeals Council and review was denied, rendering the last ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On September 25, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Mohamud bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are

of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 25, Finding 1. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. The ALJ here found that Plaintiff has the severe impairment of myofascial pain syndrome of the right shoulder. AR 25. If the claimant does not have severe impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. Here, the ALJ found that Plaintiff's severe impairment does not meet or equal one of the listed impairments. AR 28. When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff has the residual functional capacity to:

> [L]ift 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk with normal breaks for six hours out of an eight hour workday; and push and pull without limitation. Furthermore, the claimant has no postural, manipulative, visual, communicative, or environmental limitations.

AR 28, Finding 4.

The ALJ found that based on her RFC, Plaintiff is able to perform her past relevant work as a janitor. AR 33, Finding 5. If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. Here, the ALJ found that Plaintiff could perform her past relevant work as a janitor and therefore concluded Plaintiff was not disabled as defined in the SSA. AR 33.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Whether the ALJ erred in assessing medical opinions.

2. Whether the ALJ erred in not addressing the opinion of Plaintiff's therapist.

Dkt. No. 11.

## VI. DISCUSSION

*A. The ALJ erred in assessing medical opinions.*

Plaintiff asserts that the ALJ erred in failing to assess the opinion of Dr. Meinz and Dr. Swanson and erred in rejecting the opinion of Dr. Virji. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995)

Dr. Meinz

Examining psychiatrist Dr. Meinz completed a psychiatric evaluation of Plaintiff on February 7, 2007 and diagnosed a major depressive disorder severe with mild psychotic features and features likely due to disturbed sleep, and a pain disorder; he concluded Plaintiff has marked limitations in several categories of functioning. AR 510-11. Defendant concedes that the ALJ did not address Dr. Meinz' opinion, however argues the failure to do so was harmless error. Defendant argues the error is harmless because the ALJ found that Plaintiff knowingly misrepresented her symptoms to providers and that the ALJ was therefore required to disregard medical evidence where providers relied on her subjective reports. Dkt. 12 at 10. Defendant cites 42 U.S.C. § 1383(e)(7)(A)(ii) in support of this argument.[1]

The Court does not agree with Defendant's assertion. The statutory authority Defendant cites does not excuse an ALJ from assessing relevant medical opinions based on a negative finding regarding a claimant's credibility.[2] The ALJ is required to discuss medical opinions, including those from an examining psychologist, and explain the weight assigned. 20 C.F.R. 404.1527(f)(2)(iii). If an opinion is rejected, the ALJ is required to give specific and legitimate reasons for doing so. Here, the ALJ discussed Plaintiff's credibility shortcomings yet discussed other medical opinions in the record excluding that of Dr. Meinz. Even assuming Plaintiff's lack of credibility is a valid reason to discount a medical opinion, this Court cannot presume the ALJ

---

[1] 42 U.S.C. § 1383(e)(7)(A)(ii) provides, "When redetermining the eligibility, or making an initial determination of eligibility, of an individual for benefits under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence."

[2] The Court notes that prior to addressing Plaintiff's issues on appeal, Defendant discusses at length Plaintiff's credibility (Dkt. 12 at 3-8), which Plaintiff has not brought as an issue for this Court to consider.

ORDER - 5

silently omitted discussion of only Dr. Meinz' opinion because the ALJ did not find Plaintiff credible. On remand, the ALJ will have the opportunity to assess Dr. Meinz' opinion and explain the weight assigned in assessing Plaintiff's alleged impairments.

Dr. Virji

Plaintiff asserts that the ALJ erroneously rejected the opinion of Dr. Virji, a state agency reviewing physician. Defendant argues that the ALJ's rejection is based on substantial evidence, but that regardless, any error is harmless because the ALJ also found Dr. Virji's opinion contrary to objective medical evidence. The ALJ discussed the opinions of the state agency reviewers, including Dr. Virji:

> The state Disability Determination Services (DDS) medical and mental health evaluators who reviewed the medical evidence at the reconsideration level, determined the claimant was capable of engaging in a light level of exertion, that is, lifting and/or carrying up to 10 pounds frequently and 20 pounds occasionally and sitting, standing, and/or walking for 6 hours (with usual breaks) out of an 8 hour day, but with postural limitations, the need to avoid reaching, and occasional limitation in the use of her right upper extremety for handling, feeling, and fingering (Ex.11F, 12F). When compared to the objective medical findings, this is an incorrect assessment of the claimant's residual functional capacity. The evaluators relied upon range of motion evidence, which has a subjective component, as it relies upon the statements of the claimant. The conclusions regarding the claimant's residual functional capacity reached by the DDS evaluators is given no weight as it is based upon input from a discredited source, the claimant.

AR 33.

Plaintiff argues that contrary to the ALJ's finding, Dr. Virji did not rely on range of motion evidence; Defendant agrees but argues the ALJ's stating that he did is harmless error. The Court finds the ALJ's rejection based on range of motion evidence and Plaintiff's subjective complaints is not legitimately based on substantial evidence. The record reflects that the state agency reviewers did not rely on range of motion evidence, but found she was capable of light work despite noting that "Ms. Mohamud has demonstrated that she is not a credible source therefore her comments will be disregarded. Full credibility will not be given to her medical sources as it appears she has not been forthright with them about her condition and circumstances" (AR 230) and concluding that "fraud or similar fault exists. Ms. Mohamud has

misrepresented herself and her situation in an attempt to collect Federal and State benefits. All opinions or conclusions drawn from input by Ms. Mohamud will be disregarded" (AR 233). Thus, the ALJ's rejection of Dr. Virji's opinion based on the given reasons is in error.

Dr. Swanson

Plaintiff's opening brief argues the ALJ erred in failing to address Dr. Swanson's opinion. However, Plaintiff's reply brief concedes that Dr. Swanson's January 2008 opinion was not before the ALJ in 2007, but was before the Appeals Council on review, and argues it should therefore be considered on remand. As discussed above, the Court remands for rehearing before an ALJ on other grounds; therefore, the ALJ will have the opportunity to review the entire record, including the later-added opinion of Dr. Swanson. On remand, the ALJ shall assess Dr. Swanson's opinion explaining weight assigned in considering Plaintiff's disability claims.

  *B.  The ALJ erred in failing to assess the opinion of Ms. Taketa, M.S.W.*

Plaintiff asserts that the ALJ erred in failing to discuss the opinion of her treating therapist/social worker, Cindy Taketa, M.S.W. Plaintiff saw Ms. Taketa from March 2006 through October 2007. AR 420, 684. In February 2007, Ms. Taketa evaluated Plaintiff as having post traumatic stress disorder and a major depressive disorder resulting in marked limitations in several categories. AR 517-18. Defendant concedes that the ALJ did not discuss the opinion but argues the omission is harmless error because it was permissible for the ALJ to disregard it as he found Plaintiff made misrepresentations to her providers. A therapist/social worker is not an accepted medical source under SSA regulation, however is considered a lay witness. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (internal citations omitted).

Here however, the ALJ did not give any reason, germane or otherwise, for disregarding Ms. Taketa's opinion. The ALJ's omission is in error. On remand, the ALJ shall assess Ms. Taketa's opinion and explain the weight assigned in considering Plaintiff's claims.

///

*C. Remand is necessary.*

Plaintiff argues in her opening brief that this Court should remand for payment of benefits, or alternatively, remand to a different ALJ for further proceedings. As discussed above, there remain issues in this case that must be resolved by an ALJ; therefore, further administrative proceedings are necessary. Plaintiff cites cases from district courts in other circuits that remanded to a different ALJ based on factors such as ALJ bias, hostility, or lack of impartiality, however Plaintiff cites no evidence of bias or other concerns in the present case. The Court notes that two different ALJs rendered the prior decisions in this case and further notes that the Appeals Council has discretion whether to assign the case to a different ALJ.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings.

DATED this 30th day of March, 2009.

Carolyn R. Dimmick
United States District Judge